IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KILLER BURGER,**

      Plaintiff,

    v.

**ROCK AND ROLL CHILI PIT, INC.,** et al.,

      Defendants.

No. 3:17-cv-01219-MO

OPINION AND ORDER

**MOSMAN, J.**,

This matter comes before me on Defendants' Motion for Attorney Fees [39]. For the reasons below, I DENY the Motion, with leave to refile for fees associated with Killer Burger's contract claim.

## BACKGROUND

This case involves two former business partners' competing burger joints. Killer Burger, founded by TJ Southard and Defendant Mark McCrary, opened in 2010. In 2016, McCrary and his wife, Defendant Robin McCrary, left Killer Burger to open their own restaurant, Rock and Roll Chili Pit (RRCP). RRCP opened in March 2017 in downtown Portland, several blocks from Killer Burger's downtown location. In connection with its opening, RRCP posted announcements in its Facebook group about its "Epic" and "Black Molly" burger, both of which were burgers that had previously been available at Killer Burger.

1 – OPINION AND ORDER

Killer Burger brought suit against RRCP in August 2017, claiming: (1) violations of the Lanham Act, 15 U.S.C. § 1125(a), specifically for RRCP's use of the Epic and Black Molly hamburgers; (2) violations of state trademark law, O.R.S. § 647.107; (3) violations of common law rights; and (4) breach of contract against Mark McCrary for his disclosure of the Epic, Black Molly, and peanut sauce recipes. Compl. [1] ¶¶ 16–26. Killer Burger also sought a TRO and a Preliminary Injunction, requesting injunctive relief prohibiting RRCP from producing and advertising the Epic or Black Molly burgers. Mot. for TRO [2].

After I denied Killer Burger's request for a TRO, Tr. [28] at 29–30, Killer Burger filed an Amended Motion for Preliminary Injunction [19] and sought broader relief than in the Motion for TRO or the first Motion for Preliminary Injunction. In the Amended Motion, Killer Burger sought injunctive relief prohibiting RRCP from: (1) advertising or selling the Epic or Black Molly burgers; (2) using Killer Burger's peanut butter sauce recipe; (3) selling any menu items, including tater tots, with the term "Peanut Butter Pickle Bacon" in the title; (4) advertising or selling any Killer Burger hamburgers, including those not yet created; and (5) referring to any Killer Burger trademarks in advertising, social media, or otherwise. Am. Mot. [19]. Killer Burger never filed an amended complaint detailing these allegations, although Killer Burger asserts it circulated an amended version to RRCP and never received a response. Immediately before the hearing on the preliminary injunction, the parties filed a stipulation for dismissal pursuant to Fed. R. Civ. P. 41(a)(1), although Defendants argue that Killer Burger decided to voluntarily dismiss the case essentially on its own.

The parties stipulated to dismissal with prejudice [36] pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), which allows a plaintiff to "dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii).

2 – OPINION AND ORDER

Unlike most Rule 41(a)(1) stipulations, the parties requested the Court sign off on the stipulation, which I did [38]. The stipulation included the following provision: "The parties reserve the right to submit petitions for attorney fees, costs and disbursements." [36].

Defendants now seek attorney fees pursuant to Fed. R. Civ. P. 54(d) under (1) the Lanham Act, 15 U.S.C. § 1117(a); (2) O.R.S. § 647.105(2); and (3) the confidential Stock Redemption Agreement, which contains an attorney fees clause.

## DISCUSSION

Defendants ask for $27,245.00 in attorney fees and $188.03 in costs. Killer Burger argues Defendants are not entitled to fees or costs in this case, because: (1) a voluntary dismissal does not constitute a "judgment" after which fees may be sought; and (2) Defendants are not the prevailing party and do not meet other standards for fees under federal or state law. I address each of these arguments in turn.

### I.  Whether a voluntary dismissal constitutes a "judgment" under Fed. R. Civ. P. 54(d)

Fed. R. Civ. P. 54(d)(2)(B) addresses claims for attorney fees and reads:

> Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(B). Killer Burger argues that Defendants cannot obtain attorney fees under Fed. R. Civ. P. 54(d) because their stipulated dismissal does not constitute a final appealable judgment. In support of its argument, Killer Burger relies on *Keith Mfg., Co. v. Butterfield*, 256 F. Supp. 3d 1123, 1132–33 (D. Or. 2017). In *Keith*, the parties stipulated to a dismissal of all claims with prejudice and then each moved for attorney fees. This Court held that neither party could receive attorney fees, concluding that a stipulated dismissal is not a judgment

under Fed. R. Civ. P. 54(d). *Keith*, 256 F. Supp. 3d at 1130. In so ruling, the Court relied on the Supreme Court's recent decision in *Microsoft v. Baker*, 137 S. Ct. 1702 (2017), in which the Supreme Court held that "Plaintiffs in putative class actions cannot transform a tentative interlocutory order, into a final judgment within the meaning of § 1291 simply by dismissing their claims with prejudice—subject, no less, to the right to 'revive' those claims if the denial of class certification is reversed on appeal." *Id.* at 1715 (internal citation omitted).

It appears to be an open question whether *Baker* affects the Ninth Circuit's prior holdings "that voluntary dismissals with prejudice that produce an adverse final judgment may be appealed," *Ward v. Apple Inc.*, 791 F.3d 1041, 1045 (9th Cir. 2015). In *Keith*, this Court concluded that *Baker*'s holding abrogated these holdings and held that "a stipulated judgment of dismissal, even with prejudice, is not an appealable order" for the purposes of Rule 54. 256 F. Supp. 3d at 1130. But there is a critical difference in this case such that *Keith*'s holding is inapplicable here. In *Keith*, the stipulated dismissal was silent as to the issue of attorney fees, but here the stipulation included the following provision: "The parties reserve the right to submit petitions for attorney fees, costs and disbursements." [36]. *See Keith,* 256 F. Supp. 3d at 1130 n.4. By agreeing to this provision, Killer Burger has waived any argument that Defendants are now precluded from seeking fees and costs. *Cf. Nemeroff v. Abelson*, 620 F.2d 339, 350 (2d Cir. 1980) (holding that where a "stipulation and order of dismissal expressly reserved to defendants the right to move for 'costs and disbursements of this action,'" plaintiffs could not later object that defendants were not the prevailing party for the purposes of costs). Alternatively, this Court's Order [38] authorizing the parties' stipulated dismissal serves as a court order under Rule 41(a)(2), which allows the Court to dismiss the case "on terms that the court considers proper." I therefore conclude that Defendants may seek fees pursuant to the stipulated dismissal.

## II. Whether Defendants are entitled to fees

Fed. R. Civ. P. 54(d)(1) provides that fees and costs should generally be allowed to the "prevailing party." Fed. R. Civ. P. 54(d)(1). Courts look to federal law for the definition of "prevailing party" on federal claims, and to state law for state claims. *Keith*, 256 F. Supp. 3d at 1130–31. Thus, I analyze Defendants' claim to fees under the Lanham Act under federal law, and Defendants' other claims under state law.

### A. Lanham Act

Killer Burger argues that Defendants may not recuperate attorney fees under the Lanham Act, because they are not a "prevailing party" under federal law. In *Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources*, the Supreme Court addressed the definition of "prevailing party," citing the Black's Law Dictionary definition of "[a] party in whose favor a judgment is rendered." 532 U.S. 598, 603 (2001) (alteration in original). The Court concluded that a prevailing party must achieve a "judicially sanctioned change in the legal relationship of the parties," such as a "judgment [or] consent decree." *See id.* at 605. "The key inquiry is whether some court action has created a 'material alteration of the legal relationship of the parties.'" *Cadkin v. Loose*, 569 F.3d 1142, 1148 (9th Cir. 2009) (quoting *Buckhannon*, 532 U.S. at 604). The Ninth Circuit has applied *Buckhannon*'s test to circumstances other than judgments or consent decrees, concluding, for example, that "when a court incorporates the terms of a voluntary settlement agreement into an order, that order is stamped with sufficient 'judicial imprimatur' for the litigant to qualify as a prevailing party." *See Carbonell v. I.N.S.*, 429 F.3d 894, 901 (9th Cir. 2005). But it is not clear whether the Supreme Court or Ninth Circuit would hold that a stipulated dismissal, absent a settlement agreement, confers prevailing party

status on either party.[1] *Compare Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1035 (9th Cir. 2009) (holding that a plaintiff was not a prevailing party "because neither the stipulated order, the magistrate judge's F & R, nor the binding ruling in *Boody,* a separate case, amounts to a 'material alteration of the legal relationship of the parties' that is 'judicially sanctioned,' as required in *Buckhannon*"); *with Cadkin*, 569 F.3d at 1150 ("[A] defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court.").

I conclude that I need not resolve this issue, because even if I considered Defendants to be the prevailing party following the stipulated dismissal, I would not grant Defendants fees under the Lanham Act. The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). An exceptional case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). This Court must "determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances" by using a "nonexclusive list of factors, including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.*; *id.* n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

Considering the totality of the circumstances, I conclude this was not an exceptional case. Killer Burger's case was not frivolous, given the strength of some of their trademark

---

[1] Killer Burger argues that *Keith* is dispositive of this issue, but in *Keith,* a patent case, this Court applied Federal Circuit precedent, which is not binding on this trademark case.

infringement claims against a competitor selling identically named products. Defendants' litigating position was not so substantively strong as to merit fees in this case. And although Killer Burger's arguments changed during the course of this suit, Defendants' actions affected these arguments. RRCP started and stopped selling some of the key products implicated in this case several times during the few months this case remained active, thus raising and then negating certain of Killer Burger's arguments. I conclude this case is not exceptional and no fees are warranted under the Lanham Act.

### B. O.R.S. § 647.105(2)

Unlike the federal legal standard applicable to the Lanham Act, there is no question that Defendants are the prevailing party under Oregon state law. "For the purposes of making an award of attorney fees on a claim, the prevailing party is the party who receives a favorable judgment or arbitration award on the claim." O.R.S. § 20.077(2). Oregon Rule of Civil Procedure 54(A)(3) provides that in the context of a voluntary dismissal, "[u]nless the circumstances indicate otherwise, the dismissed party shall be considered the prevailing party." ORCP 54(A)(3): *see Goodsell v. Eagle-Air Estates Homeowners Ass'n*, 383 P.3d 365, 373 (Or. Ct. App. 2016), *review denied,* 388 P.3d 728 (Or. 2017) ("That plaintiffs chose, after years of affirmative litigation, to voluntarily dismiss their action before it could be resolved on its merits is relevant to the entitlement determination only insofar as it establishes defendants' prevailing party status."). Because Killer Burger chose to dismiss this case, Defendants are the prevailing party here.

But I conclude Defendants are not entitled to attorney fees under Oregon trademark law. O.R.S. § 647.105 provides that, "'[i]f the court finds that the plaintiff acted in bad faith, vexatiously, wantonly or for oppressive reasons, the court in the court's discretion may award reasonable attorney fees to the defendant." O.R.S. § 647.105(2). As discussed above, I do not

7 – OPINION AND ORDER

conclude that Killer Burger acted unreasonably or in bad faith. Defendants are not entitled to fees under O.R.S. § 647.105(2).

### C. Contract

Finally, Defendants argue they are entitled to attorney fees and costs under the confidential Stock Redemption Agreement, arguing it incorporates the fee provision under the January 2015 Shareholders Agreement, which reads:

> Attorney's Fees. If any arbitration, action, suit, or proceeding is instituted to interpret, enforce, or rescind this Agreement, or otherwise in connection with the subject matter of this Agreement, * * * the prevailing party on a claim will be entitled to recover with respect to the claim, in addition to any other relief awarded, the prevailing party's reasonable attorney's fees and other fee, costs, and expenses of every kind, including but not limited to the costs and disbursements specified in ORCP 68A(2), incurred in connection with the * * * proceeding.

Haraguchi Decl. [40] ¶ 9. Defendants correctly note that Killer Burger alleged a breach of contract claim against Mark McCrary based on the Stock Redemption Agreement, arguing he violated the agreement by disclosing the recipes for the Epic, Black Molly, and peanut sauce. Compl. ¶ 25. In Oregon, "[t]he awarding of attorney fees pursuant to contractual provisions is made mandatory by statute, ORS 20.096." *U.S. Nat. Res., Inc. v. Gray*, 676 P.2d 912, 914 (Or. Ct. App. 1984) (alteration in original) (citation omitted). And it appears that Mark McCrary is the prevailing party under Oregon state law on this claim, given Oregon case law on the matter. *Rosekrans v. Class Harbor Ass'n, Inc.,* 209 P.3d 411, 424 (Or. Ct. App. 2009) ("In the absence of a contrary intention, it is presumed that the parties intended the reference to 'prevailing party' in a contractual attorney fee provision to have the meaning set out in ORS 20.077(2).").

But I decline to award fees or costs to Mark McCrary under the contract at this time for two reasons. First, Defendants did not submit the Shareholders' Agreement or Stock Redemption Agreement. It is therefore unclear whether the documents actually entitle Mark McCrary to attorney fees. For example, if either document defines "prevailing party" differently than Oregon

8 – OPINION AND ORDER

law does, fees may not be warranted in this case. Second, Mark McCrary is the only defendant who may recover fees and costs, and only for time spent on the breach of contract claim. *See* O.R.S.§ 20.077(2)(b) ("If more than one claim is made in an action or suit for which an award of attorney fees is either authorized or required, the court or arbitrator shall . . . [d]ecide whether to award attorney fees on claims for which the court or arbitrator is authorized to award attorney fees, and the amount of the award."). Defendants do not sufficiently detail their fees and costs on the contract claim such that I may properly award only those fees and costs. I therefore deny Defendants' Motion. But Defendants may refile a Motion for Mark McCrary's fees and costs, based only on the breach of contract claim.

## CONCLUSION

For the reasons stated above, I DENY Defendants' Motion for Attorney Fees [39], with leave to refile a Motion for Mark McCrary's fees and costs based only on the breach of contract claim, within 14 days of the date of this order.

IT IS SO ORDERED.

DATED this __5th__ day of March, 2018.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge